THE STATE OF IOWA, *ex rel.* THE ATTORNEY-GENERAL, v. TILGHMAN *et al.*

1. ESCHEATS: RELEASE. During the pendency of proceedings instituted by the Attorney-General to declare lands escheated to the State, the legislature may, by enactment, order an abatement of the proceeding and release all interest in the property in controversy to the parties claiming adversely.

*Appeal from Webster District Court.*

TUESDAY, APRIL 7.

THE facts are stated in a former report of the same case in the sixth volume of Iowa Reports (p. 496), and in the opinion of the Court.

. *Nourse*, Attorney-General, and *Garaughty* for the appellant.

*James M. Ellwood* and *John F. Duncombe* for the appellee.

LOWE, J.— This controversy has relation to certain lands that once belonged to the estate of Francis W. Allen, deceased, which had been sold by the administrator to pay and satisfy claims against said estate allowed by the county Court of Webster county, after which they had passed a number of times by regular sale and conveyance to different, and as it is claimed, to innocent purchasers. In this condition of things the State instituted proceedings to recover said lands, as property that had escheated to the State, and during the pendency of this suit the General

Assembly passed an act relinquishing to said purchasers and occupants the land in controversy; thereby quieting their title, and directing, in substance, the Attorney-General of the State to dismiss said proceedings at the costs of the defendants. At the succeeding term this was accordingly done upon motion of the defendants founded upon a supplemental plea setting up the provisions of said act. The sustaining of this motion and dismissing the cause, being excepted to, is now claimed to be erroneous, for the reason that the Legislature had no power thus to dispose of escheated property which the constitution had dedicated to the school fund of the State. The defect of this argument is, that it assumes, or takes for granted that the estate of Allen fell within the law of escheats, whereas this was the very question that was being controverted when the Legislature passed the act aforesaid. Neither the title nor the proceeds of the property had as yet vested in the State and the Legislature may have deemed it a doubtful question whether it ever would be held to be escheated property, and if it should be so held, it would probably work injustice to innocent parties. Hence it was thought proper, as an act of justice perhaps to *bona fide* purchasers, as well as of prudence in avoiding the hazards of much costs, to make the disposition of the controversy which it did. Concerning its constitutional competency to do so we have very little doubt under the circumstances of this case. We see no reason why the action of the Court in the premises should not be

Affirmed.